IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMALIA KLINE, | : | Civil No. 3:18-cv-1938 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | FILED SCRANTON |
| PAROLE OFFICER LORI LYNDE, *et al.*, | : | OCT 23 2018 |
| Defendants | : | PER _____ DEPUTY CLERK |

**MEMORANDUM**

On October 5, 2018, Plaintiff, Amalia Kline, an inmate currently confined at the State Correctional Institution, Muncy, Pennsylvania, initiated the instant civil rights action. (Doc. 1). At the same time she filed the complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). An initial screening of the complaint has been conducted, and for the reasons set forth below, the motion to proceed *in forma pauperis* will be granted, and Plaintiff will be directed to file a properly supported amended complaint.

**I.      Screening Provisions of the Prison Litigation Reform Act**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2] The Court is required to identify

---

[1]   Section 1915(e)(2) of Title 28 of the United States Code provides:

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

II. **Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for

---

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

2

redress. . . .

*Id.; see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). See also *Barna v. City of Perth Amboy*, 42 F.3d 809, 815 (3d Cir. 1994).

Additionally, "[t]o establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant." *Keys v. Carroll*, 2012 U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

In the instant action, Plaintiff alleges that the events giving rise to her claims began in March 1995. (Doc. 1, p. 5). Named as Defendants are Superintendent Wendy Nicholas, Parole Officer Lori Lynde, Parole Officer Keith Crossland, Mr. Duda and the entire Harrisburg Parole Board. (*Id.* at pp. 2-3). In the complaint, which is largely diffuse in its assertions, Plaintiff alleges, among other things, that Defendants engaged in the

premeditated murder of her family, and that she is being illegally held and charged with lying on her green sheet. (*Id.* at p. 4). For relief, Plaintiff seeks $222 billion, she requests the arrest of the Defendants, and seeks acquisition of Defendants' assets, including their jewelry, money, houses, cars, land, planes, and boats. (*Id.* at pp. 5-6).

Initially, the Court finds that the Pennsylvania Board of Probation and Parole is immune from suit under the Eleventh Amendment. The Eleventh Amendment affords the Board protection from suit in an action brought pursuant to 42 U.S.C. § 1983. *See Harper v. Jeffries*, 808 F.2d 281, 284 n. 4 (3d Cir. 1986) (citing *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam)). The Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment. *See Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir.2000); 42 Pa. Cons.Stat. Ann. § 8521(b). In addition, "Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity." *Haybarger v. Lawrence County Adult Probation and Parole*, 551 F.3d 193, 198 (3d Cir. 2008). Since Pennsylvania has not consented to suit, the Board of Probation and Parole is immune from suit under the Eleventh Amendment.

Regarding the individually named Defendants, the complaint is completely devoid of any factual allegations against these Defendants. *See* (Doc. 1). A review of the complaint confirms that there are no specific assertions that any of the individually named Defendants

4

had any personal involvement in the purported violations of Plaintiff's rights. *See, e.g., Flanagan v. Shively*, 783 F. Supp. 922, 928-29 (M.D. Pa. 1992); *Cross v. Losinger*, 2007 WL 954313, *1 (M.D. Pa. 2007) ("[E]ach named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim."). Furthermore, the claims and arguments presented by Plaintiff are nonsensical and appear to be fantastical.[3]

Based on the foregoing, the Court is confident that service of process is unwarranted at this juncture. However, the Court is cognizant of the usual necessity to allow a plaintiff leave to amend a complaint where it can be remedied by such amendment. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002). Thus, Plaintiff will be granted the opportunity to file an amended complaint. Plaintiff is strictly cautioned that the allegations in the amended complaint "should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." *Williams v. Pa. Dep't of Corr.*, 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (citing *Iqbal*, 556 U.S. at

---

[3] *See, e.g.*, Doc. 1, pp. 3-7 ("right to be alive not be robbed raped or tortured by USA Government employees! Since 2000! New Year's Eve!"); ("Dr's mental health illegal drugs & rape & murders a lot even in other countries"); ("videos, files since 1999 with Berks Court photos, hospitals facts will be sent to court extremely lengthy! 2000 New Jersey rape & robbery by Camden Police, Miami Rape 2007 Memorial Hospital[,] California 9/11/85 double murder plot on Rodica Carjan & Victor Carjan Orange County[,] death of my partner & brother St. Joseph's Penn State & Reading Hospital."); ("wrote immigration & Feds & District Attorney & America's Most Wanted, & Washington & Romanian Embassy[,] Berks Court & PA State Police & all Berks Police & Romania & France").

676). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

## III. Conclusion

Plaintiff will be afforded an opportunity to file an amended complaint to sufficiently state a claim for relief. Failure to file a properly supported amended complaint will result in dismissal of this action without further notice of Court.

A separate Order shall issue.

Date: October 23, 2018

Robert D. Mariani
United States District Judge